Dear Mr. Stevenson:
This opinion is in response to your question asking:
 Whether the Open Meetings Law, Section 610.010 et seq., RSMo, applies to a subdivision trust, said trust established and authorized by restrictive covenants which run with the land.
The sections commonly referred to as the "Open Meetings Law" or the "Sunshine Law" are contained in Chapter 610, RSMo 1986. The sections contained in this chapter basically apply to a "public governmental body." Section 610.010(2) defines "public governmental body" as follows:
 610.010. Definitions. — As used in sections 610.010 to 610.030 and 610.100 to 610.115, unless the context otherwise indicates, the following terms mean:
* * *
 (2) "Public governmental body", any legislative or administrative governmental entity created by the constitution or statutes of this state, by order or ordinance of any political subdivision or district, or by executive order, including any body, agency, board, bureau, council, commission, committee, department, or division of the state, of any political subdivision of the state, of any county or of any municipal government, school district or special purpose district, any other legislative or administrative governmental deliberative body under the direction of three or more elected or appointed members having rule-making or quasi-judicial power, any committee appointed by or under the direction or authority of any of the above named entities and which is authorized to report to any of the above named entities, and any quasi-public governmental body. The term "quasi-public governmental body" means any corporation organized or authorized to do business in this state under the provisions of chapter 352, 353, or 355, RSMo, which performs a public function, and which has as its primary purpose to enter into contracts with public governmental bodies, or engage primarily in activities carried out pursuant to an agreement or agreements with public governmental bodies; except urban redevelopment corporations organized or authorized to do business under the provisions of chapter 353, RSMo, which are privately owned, operated for profit, and do not expend public funds;
You have provided to us the following additional facts regarding your opinion request:
 Goose Creek Lake Subdivision is a land trust which is authorized by restrictive covenants which run with the land. This trust provides for a Board of Trustees. The duties of the Board of Trustees include making sure that all covenants pertaining to the subdivision are complied with and assessment of maintenance fees of each lot owner. The Board of Trustees have been holding meetings without giving notice to the lot owners or the public.
The Board of Trustees of the subdivision trust is not a "public governmental body" as defined in Section 610.010(2). Therefore, it is our opinion that the provisions of Chapter 610 do not apply to such board.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General